IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLIE PARKS on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. CIV-09-212-D ) |
| AT&T MOBILITY, LLC and RADIO SHACK CORPORATION, | ) ) ) |
| Defendants. | ) ) |

**O R D E R**

Again before the Court are motions to dismiss filed by Defendant Radio Shack Corporation ("Radio Shack") [Doc. No. 51] and Defendant AT&T Mobility, LLC ("ATTM") [Doc. No. 52].[1] Defendants seek dismissal of Plaintiff's amended pleading for failure to state a claim on which relief can be granted and failure to plead fraud with particularity, pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). Plaintiff has filed a combined response to both motions, and Defendants have replied. The motions are thus at issue.[2]

Plaintiff asserts claims of fraud and violation of Oklahoma consumer protection laws in a First Amended Class Action Complaint (hereafter, "Amended Complaint") filed under 28 U.S.C. § 1332(d)(1).[3] The claims concern a retail transaction in which Plaintiff purchased a personal

---

[1] Defendants filed similar motions in response to Plaintiff's original pleading; the motions were granted with leave to amend. *See* Order 3/4/10 [Doc. No. 47].

[2] The Court notes, and generally agrees with, the criticism directed at Plaintiff's counsel as reflected in the first paragraph of ATTM's Amended Reply Brief [Doc. No. 69]. Such sharp-tongued rhetoric does little to assist the Court in evaluating the issues, and does not persuade.

[3] ATTM also asserts that Plaintiff's claims are not appropriate for class action treatment due to the insufficiency of her allegations and the nature of the claims asserted. No motion for class certification has been filed; thus that issue is reserved for later decision.

computer at a Radio Shack store and obtained a discounted price by subscribing to a wireless internet service agreement with ATTM that allegedly omitted material facts, specifically, the charges that would be incurred for usage exceeding 5 gigabytes of data.

Plaintiff's fraud claim is asserted in Count I of the Amended Complaint. She alleges in Count I that Defendants marketed and sold computers and internet services by utilizing "deliberately misleading and deceptive" advertising, failing to inform Plaintiff that the applicable rate plan provided for limited wireless usage, and utilizing documents (primarily, a "Customer Service Summary") "drafted in such a manner as to conceal from reasonable customers including Plaintiff the exorbitant overage charges that the customer could incur." *See* Am. Compl. [Doc. No. 48], ¶¶ 18-27. Plaintiff claims Defendants "devised the cryptic notation [in the Customer Service Summary] regarding the overage charge in a calculatingly deceptive manner which would have required a consumer to have sophisticated technical knowledge not possessed by the average consumer and to perform multiple mathematical calculations . . . to arrive at the true cost of one gigabyte of potential overage." *Id*. ¶ 33. Plaintiff further alleges in Count I that "Defendants failed to disclose that the amount of data (5GB) covered by the monthly base rate of $60.00 was severely limited in terms of the usage of the device," and failed to disclose that "consumers could easily exceed the 5GB base usage many times over resulting in exorbitant overage charges." *Id*. ¶ 35. Plaintiff alleges that, as a result of Defendants' superior technical knowledge regarding the involved product and services, "Defendants had a duty to fully, clearly and candidly define the parameters of the amount of data usage available for 5GB and the magnitude of the overage charge . . . ." *Id*. ¶ 37.

Plaintiff's statutory claim is asserted in Count II of the Amended Complaint, which incorporates the allegations of Count I and alleges simply that "[t]he misrepresentations and

2

omissions by AT&T and Radio Shack in their advertising circular and Customer Service Summary in fact deceived Plaintiff and could have reasonably been expected to deceive or mislead other persons to the detriment of such persons" and thereby constitute deceptive and unfair trade practices in violation of the Oklahoma Consumer Protection Act, Okla. Stat. tit. 15, §§ 751-764.1 (hereafter, the "Act"). *See id*. ¶¶ 41-45.

Defendants' motions again seek dismissal of Plaintiff's claims because she allegedly has failed to plead fraud with particularity as required by Rule 9(b) and failed to state a claim under Rule 12(b)(6). Specifically, Defendants present copies of the documents referenced in the Amended Complaint and contend that the "additional charges" about which Plaintiff complains are fully disclosed in these documents; Plaintiff's fraud claim fails because she has not identified any false representation or alleged that she reasonably relied on a misrepresentation; and Plaintiff's allegations cannot demonstrate a duty to make any further disclosures. As to the consumer protection claim, Defendants contend Plaintiff has failed to identify any "deceptive trade practice" or "unfair trade practice" as defined by the Act and, to the extent Plaintiff incorporates the factual allegations of her fraud claim, such allegations fall short for the same reasons that they are deficient to allege fraud.

**Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the

3

elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

Allegations of fraud are governed by the heightened pleading standard of Rule 9(b), which requires that "a party must state with particularity the circumstances constituting fraud." According to the court of appeals, "[a]t a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield*, 472 F.3d 702, 726-27 (10th Cir. 2006) (internal quotation s omitted); *see Tal v. Hogan,* 453 F.3d 1244, 1263 (10th Cir. 2006). The purpose of Rule 9(b) is to afford a defendant fair notice of a plaintiff's claims and the factual ground upon which they are based. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236-37 (10th Cir. 2000). To determine if factual allegations satisfy Rule 9(b), the Court reviews only the text of the complaint and does not consider matters outside the pleading. *See Sikkenga*, 472 F.3d at 726; *Tal*, 453 F.3d at 1263. However, a document that is central to the plaintiff's claim and referred to in the complaint may properly be considered. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008); *Tal*, 453 F.3d at 1265.

## Discussion

**A.  Fraud Claim**

As pled in the Amended Complaint and argued in Plaintiff's brief, the claim asserted in Count I is one of constructive fraud based on nondisclosures of material facts. *See* Pl.'s Corrected Combined Resp. Br. [Doc. No. 67] at 3 & n.1. Plaintiff does not accuse Defendants of making fraudulent misrepresentations but, instead, claims that Defendants omitted material information regarding wireless data plan usage and provided rate information in a way that concealed the true cost of such usage. By this conduct, Defendants allegedly prevented an ordinary consumer from making an intelligent decision "whether to buy the DataConnect plan at all or self-limit the usage

4

of the plan to avoid punitive overage charges." *See* Am. Compl. [Doc. No. 48], ¶ 37. Plaintiff's theory of constructive fraud lies in the alleged fact that Plaintiff was not informed and could not "have reasonably discerned from the paperwork that wireless internet usage exceeding 5GB per month would result in astronomical additional charges running into the thousands of dollars." *See id*. ¶ 10.

The question is whether Defendants' alleged omissions of rate and usage information that would have allowed Plaintiff to anticipate the charges she would incur could constitute constructive fraud. A claim of constructive fraud based on a nondisclosure of information requires the existence of a duty to disclose the information. *See Thrifty Rent-A-Car Systems, Inc. v. Brown Flight Rental One Corp*., 24 F.3d 1190, 1195 (10th Cir. 1994); *see also Specialty Beverages, L.L.C. v. Pabst Brewing Co*., 537 F.3d 1165, 1181 (10th Cir. 2008); *Varn v. Maloney*, 516 P.2d 1328, 1332 (Okla. 1973); *Silk v. Phillips Petroleum Co*., 760 P.2d 174, 179 (Okla. 1988). Fraud may be established by showing a concealment of material facts that one is bound under the circumstances to disclose. *Thrifty*, 24 F.3d at 1195. A duty to speak "may arise from partial disclosure, the speaker being under a duty to say nothing or to tell the whole truth," and the creation of a false impression by selective disclosure and concealment can constitute fraud. *Id*.; *see also* Okla. Stat. tit. 76, § 3(3).

Upon consideration of Plaintiff's factual allegations under the applicable legal standards, the Court finds that the Amended Complaint states a plausible claim of constructive fraud under Oklahoma law. Without intimating any view of the merits of Plaintiff's claim, the Court concludes that Plaintiff's pleading provides Defendants with fair notice of the nature of her fraud claim and the factual basis on which it depends. The Amended Complaint makes clear Plaintiff's theory of liability is that Defendants possessed technical knowledge beyond what one would expect potential purchasers of their product and service to have, and that Defendants failed to disclose material

5

information needed to determine the true costs associated with their product and service. With one limited exception, the Amended Complaint identifies the alleged fraudulent omissions of material information regarding wireless data usage and cost, and sufficiently describes who, when, where and how the alleged omissions occurred. The exception is that the Amended Complaint contains an unexplained reference to a sales promotion involving a free Mercury AirCard, which is unsupported by any facts identifying the alleged fraud. As to the remainder of the Amended Complaint, however, the Court finds that Plaintiff's pleading is sufficient to state a claim of constructive fraud. Therefore, Plaintiff's fraud claim should not be dismissed.

**B.     Oklahoma Consumer Protection Act**

Plaintiff's claim in Count II is that Defendants violated the catchall provision of the Act, Okla. Stat. tit. 15, § 753(20), by engaging in conduct that amounted to a deceptive trade practice or an unfair trade practice. In pertinent part, "'[d]eceptive trade practice' means a misrepresentation, <u>omission</u> or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person." *See* Okla. Stat. tit. 15, § 752(13) (emphasis added). "'Unfair trade practice' means any practice which offends established public policy or if the practice is immoral, unethical, oppressive, <u>unscrupulous or substantially injurious to consumers</u>." *Id*. § 752(14) (emphasis added). By incorporating paragraphs 7-39 of the Amended Complaint in Count II, Plaintiff demonstrates that she intends to rely on the same factual allegations provided in support of her fraud claim to establish that Defendants' conduct violated the Act.

Upon consideration of Plaintiff's pleading under the applicable legal standards, the Court finds that the Amended Complaint sufficiently states a claim for a violation of the Act. Plaintiff identifies the facts on which she relies to establish Defendants made a material omission of information that deceived and reasonably could be expected to deceive a consumer. Plaintiff also

6

describes in sufficient detail Defendants' practices that she believes were unscrupulous and substantially injurious to consumers. In short, without expressing any view of the merits of Plaintiff's claim, the Court finds that Plaintiff has provided sufficient factual allegations to demonstrate a violation of the Act. Therefore, the Amended Complaint states a claim for relief under the Act.

## Conclusion

For these reasons, the Amended Complaint sufficiently states claims against Defendants of constructive fraud and a violation of Oklahoma's consumer protection statutes.

IT IS THEREFORE ORDERED that Defendant Radio Shack Corporation's Motion to Dismiss Amended Complaint [Doc. No. 51] and Defendant AT&T Mobility, LLC's Motion to Dismiss First Amended Class Action Complaint [Doc. No. 52] are denied.

IT IS SO ORDERED this 12th day of January, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE