IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLIE PARKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-09-212-D |
| ) | |
| AT&T MOBILITY, LLC and ) | |
| RADIO SHACK CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is Plaintiff's Motion to Reconsider the Court's Order Granting the Defendants' Motions for Summary Judgment [Doc. No. 152], filed pursuant to Fed. R. Civ. P. 59. Defendants have responded in opposition to the Motion, and the time for filing a reply brief has expired. The Motion is thus at issue.

On September 25, 2012, the Court granted summary judgment to Defendants AT&T Mobility, LLC ("ATTM") and Radio Shack Corporation ("Radio Shack") on Plaintiff Billie Parks' claims of fraud and violation of the Oklahoma Consumer Protection Act. The claims arose from a retail transaction in which Plaintiff purchased a notebook computer from Radio Shack and obtained a discounted price by subscribing to a two-year service contract with ATTM. The material facts were not disputed, and showed Plaintiff could not establish the damages allegedly caused by the fraud: "actual damages by reason of incurring overage charges and damage to her credit." Second Am. Compl. [Doc. No. 80], ¶ 36. The Court rejected Plaintiff's effort essentially to amend her pleading by raising new theories of recovery in response to Defendants' summary judgment motions. She asserted for the first time in summary judgment briefs that her damages also included the cost of Radio Shack's computer because she would not have purchased it if the overage charges for

ATTM's wireless services had been fully disclosed; the Court found this was a new claim that "ha[d] never been part of this case, and cannot provide a basis for recovery at this point in the litigation." *See* Order of Sept. 25, 2012 [Doc. No. 150] (hereafter, "Order") at 10-11. Plaintiff also claimed for the first time she had suffered emotional distress because she was "worried sick" about ATTM's overage bill; the Court concluded that "a failure to plead emotional distress damages precludes any award of such damages without obtaining leave for the plaintiff to amend the complaint." *Id*. at 12-13. The Court found an affidavit Plaintiff provided to support her new theories of recovery attempted to create a "sham fact issue" under controlling precedent, and should be disregarded. *See id*. at 11-12.

In her Rule 59 Motion, Plaintiff first seeks to distinguish the Tenth Circuit cases on which the Court relied, arguing they are inapposite under the facts of this case. Plaintiff also asserts the Court failed to address an argument she presented in opposition to summary judgment, that is, she could recover nominal and punitive damages even if she could not establish actual damages. If this argument was implicitly rejected, "Plaintiff urges the Court to reconsider its decision in light of the Oklahoma and Tenth Circuit authorities cited which explicitly provide for the recovery of nominal damages in a fraud case. Otherwise, Plaintiff urges the Court to certify the question to the Oklahoma Supreme Court . . . ." *See* Pl.'s Motion Reconsider [Doc. No. 152] at 5. Plaintiff has filed a Motion to Certify Questions of Law [Doc. No. 153], requesting this alternative relief.

**Standard of Decision**

Plaintiff refers to her Motion as one seeking a new trial under Rule 59(a). However, a motion for reconsideration of a summary judgment ruling is governed by Rule 59(e), which authorizes a motion to alter or amend a judgment. "The purpose for such a motion is to correct manifest errors of law or to present newly discovered evidence." *Committee for First Amendment*

2

*v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992) (internal quotation omitted). "Grounds warranting a [Rule 59(e)] motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012) (quoting *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (alteration in *Devon*). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012.

## Discussion

Viewing Plaintiff's arguments through the prism of Rule 59(e), the Court understands her position to be that the Court misapprehended the law regarding the pleading requirements for her fraud claim, and overlooked her argument regarding the recovery of nominal damages.

**A.     Plaintiff's Fraud Claim**

Plaintiff urges the Court to reconsider its decision to limit the summary judgment issues to the fraud claim asserted in the Second Amended Complaint. Upon consideration of Plaintiff's arguments, the Court is unpersuaded by her effort to distinguish the case authorities cited in the Order. Plaintiff simply attempts to revisit issues previously addressed, and advances arguments that previously could have been made. Plaintiff's argument that fraud in the sale of Radio Shack's computer is implicit in a claim of fraud in the agreement for ATTM's wireless services, is inconsistent with federal pleading requirements, under which "a party must state with particularity the circumstances constituting fraud." *See* Fed. R. Civ. P. 9(b). The Court carefully examined the Second Amended Complaint in making its ruling, and found no claim of fraud in the sale of the

computer nor allegation that Plaintiff would not have purchased it if ATTM's overage charges had been fully disclosed. Plaintiff also failed to allege or request any emotional distress damages.[1]

**B.     Nominal Damages**

Plaintiff correctly states that the Court did not specifically address *Wagstaff v. Protective Apparel Corp.*, 760 F.2d 1074 (10th Cir. 1985), a case she cites for the proposition that "even if [Plaintiff] could not establish 'actual damages' . . . , she was at least entitled to recover nominal damages as well as punitive damages." *See* Pl.'s Motion Reconsider [Doc. No. 152] at 4. Plaintiff discussed *Wagstaff* in her summary judgment brief in the context of an argument that "nominal damages may be recovered in a fraud case even if the plaintiff cannot quantify actual damages." *See* Pl.'s Resp. ATTM's Mot. Summ. J. [Doc. No. 116] at 12. Plaintiff's failure of proof, however, was not an inability to quantify actual damages, but an inability to demonstrate any injury.

In the Order, the Court determined as follows: "An essential element of Plaintiff's stated claim is that she suffered damages as a result of defendant's material misstatement or omission. To establish this element, Plaintiff must show she suffered injury by acting in reliance on the alleged fraudulent statement or omission." *See* Order at 15-16 (internal quotation and citations omitted). After discussing Oklahoma law and applying it to the undisputed facts of this case, the Court determined that "Plaintiff has suffered no compensable injury or damages resulting from a failure to receive the benefit of her bargain," and thus Defendants were entitled to summary judgment on the fraud claim. *See id.* at 17-18. The Court reached this conclusion because Plaintiff's claimed

---

[1] Plaintiff does not challenge the precedent on which the Court relied for the principle that a plaintiff must plead emotional distress damages. *See Doelle v. Mountain States Telephone & Telegraph*, 872 F.2d 942, 948 (10th Cir. 1989); *see also Hamilton v. Water Whole Int'l Corp.*, 302 F. App'x 789, 797-98 (10th Cir. 2008) (trial court erred in admitting evidence of emotional distress where the final pretrial order "contain[ed] no claim for damages from the alleged fraud under a theory of mental or emotional distress").

injury of "incurring overage charges" was not established where no overage charges were ever paid, nor expected to be paid under ATTM's established policy for waiving charges when a customer misunderstood the usage limits of the data plan.

The Court did not discuss *Wagstaff* because it is factually distinguishable and does not assist Plaintiff's case. In *Wagstaff*, the plaintiff's decedent purchased security equipment and signed a distributorship agreement with the sellers based on promises that he could become their distributor by purchasing $50,000 worth of equipment. On appeal from a directed verdict on the plaintiff's fraud claim, the court of appeals found sufficient evidence of fraud in the defendants' representations that the decedent was purchasing a distributorship with a potential for success, not simply the equipment. The defendants also argued that the plaintiff failed to prove any damage resulting from the fraud because goods valued at $50,000 were actually received. The court of appeals disagreed, finding "a jury could infer that plaintiff's decedent would not have paid $50,000 for the goods themselves, even if this were their market value, had the defendants not represented that the package included the promise to help establish a successful distributorship." *Wagstaff*, 760 F.2d at 1078. The court also reasoned:

> [The plaintiff] did fail to prove by any substantial evidence the amount of actual damages caused by defendants' fraud. However, under Oklahoma law, [the plaintiff] can recover punitive damages upon the showing of nominal damages from defendants' fraud. *Moyer v. Cordel*, 228 P.2d 645 (Okla.1951). Plaintiff clearly introduced sufficient evidence from which a jury could have found at least nominal damages.

*Id*. In other words, the difficulty in *Wagstaff* was quantifying the decedent's loss, and not a failure to prove a compensable injury, as found in this case.

Further, Plaintiff's reliance on the cited Oklahoma case, *Moyer*, is misplaced. It was not a fraud case at all. It stands for the proposition, stated in the syllabus, that: "In a cause of action for

the wrongful closing of plaintiff's place of business, and for his wrongful arrest, plaintiff, in the absence of evidence showing actual damage resulting from such wrongful acts, is entitled to recover nominal damages, and an award of nominal damages is sufficient to authorize a judgment for exemplary or punitive damages." *See Moyer*, 228 P.2d at 646. These legal principles have no bearing on the summary judgment issues in this case.

Therefore, the Court finds that Plaintiff has failed to demonstrate an error of controlling law, or a clear error in the analysis of his fraud claim.

## Conclusion

For these reasons, the Court finds that Plaintiff has not establish a sufficient basis to reconsider the summary judgment ruling.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reconsider the Court's Order Granting the Defendants' Motions for Summary Judgment (Motion for New Trial) [Doc. No. 152] is DENIED.

IT IS SO ORDERED this 11th day of March, 2013.

*[Signature]*
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE